UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                                      :
UNITED STATES OF AMERICA,
                                      :
        -vs.-
                                      :     **S1 07 CR 1170 (LBS)**
JOSEPH P. COLLINS
                                      :
                Defendant.
                                      :

------------------------------------ X

## DEFENDANT JOSEPH P. COLLINS' REQUEST TO CHARGE

WILLIAM J. SCHWARTZ (WS 8462)
JONATHAN P. BACH (JB 9710)
JASON M. KORAL (JK 1044)
COOLEY GODWARD KRONISH, LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000

*Attorneys for Defendant Joseph P. Collins*

TO:   LEV L. DASSIN, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn.:  Christopher L. Garcia, Esq.
              Nicholas S. Goldin, Esq.

1

# TABLE OF CONTENTS

| REQUEST | PAGE |
|---|---|

NO. 1 INDICTMENT MERELY AN ACCUSATION ............................................................ 5

NO. 2 GOVERNMENT AS A PARTY .............................................................................. 6

NO. 3 PRESUMPTION OF INNOCENCE AND PROOF BEYOND A REASONABLE DOUBT ............................................................................................................. 7

NO. 4 JURY AS SOLE ARBITER OF FACTS – COURT'S AND ATTORNEYS' ACTIONS NOT TO BE CONSIDERED ...................................................................... 9

NO. 5 EVIDENCE: DIRECT AND CIRCUMSTANTIAL ...................................................... 11

NO. 6 CREDIBILITY OF WITNESSES .......................................................................... 12

NO. 7 DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES ........................................ 15

NO. 8 DEFENDANT'S ELECTION NOT TO TESTIFY ..................................................... 16

NO. 9 USE OF COOPERATING WITNESSES .................................................................. 18

NO. 10 EXPERT TESTIMONY ....................................................................................... 19

NO. 11 CRIME DEFINED BY STATUTE ONLY ................................................................ 20

NO. 12 COUNT ONE – CONSPIRACY – GENERAL INSTRUCTION ................................... 21

NO. 13 CONSPIRACY -- FIRST ELEMENT -- EXISTENCE OF THE CONSPIRACY ........ 22

NO. 14 CONSPIRACY -- SECOND ELEMENT -- MEMBERSHIP IN THE CONSPIRACY ....................................................................................................... 25

NO. 15 CONSPIRACY -- SECOND ELEMENT – OBJECTS OF THE CONSPIRACY ......... 28

NO. 16 CONSPIRACY -- SECOND ELEMENT – OBJECT OF THE CONSPIRACY – FALSE STATEMENTS IN SEC FILINGS ...................................................................... 29

NO. 17 CONSPIRACY -- SECOND ELEMENT – OBJECT OF THE CONSPIRACY – MONEY LAUNDERING– KNOWLEDGE ........................................................................ 31

NO. 18 CONSPIRACY -- SECOND ELEMENT – OBJECT OF THE CONSPIRACY – ADDITIONAL OBJECTS ............................................................................................. 32

**NO. 19** CONSPIRACY -- THIRD ELEMENT -- OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY ................................................................................ 33

**NO. 20** COUNTS TWO AND THREE: SECURITIES FAUD - - INDICTMENT AND STATUTE ........................................................................................................ 36

**NO. 21** SECURITIES FRAUD -- ELEMENTS ........................................................ 37

**NO. 22** SECURITIES FRAUD -- FIRST ELEMENT -- SCHEME OR ARTIFICE TO DEFRAUD ........................................................................................................ 38

**NO. 23** SECURITIES FRAUD -- FIRST ELEMENT -- MATERIALITY ................................. 41

**NO. 24** SECURITIES FRAUD -- SECOND ELEMENT -- KNOWLEDGE, INTENT, AND WILLFULNESS ................................................................................................ 42

**NO. 25** FALSE FILING WITH THE SEC ........................................................ 45

**NO. 26** WIRE FRAUD – ELEMENTS ............................................................ 48

**NO. 27** WIRE FRAUD – SECOND ELEMENT – PARTICIPATION IN SCHEME WITH INTENT ........................................................................................................ 49

**NO. 28** WIRE FRAUD – THIRD ELEMENT – USE OF INTERSTATE OR FOREIGN WIRES ................................................................................................ 51

**NO. 29** BANK FRAUD -- ELEMENTS OF THE OFFENSE ................................. 53

**NO. 30** BANK FRAUD – FIRST ELEMENT-SCHEME TO DEFRAUD ................................. 54

**NO. 31** BANK FRAUD – SECOND ELEMENT – INTENT TO DEFRAUD ................................. 56

**NO. 32** BANK FRAUD – THIRD ELEMENT – BANK WAS FEDERALLY INSURED OR CHARTERED ........................................................................................................ 58

**NO. 33** AIDING AND ABETTING ................................................................ 59

**NO. 34** VENUE ........................................................................................ 62

**NO. 35** THEORY OF DEFENSE ................................................................ 63

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       :

UNITED STATES OF AMERICA,

       :

      -vs.-

       :   **S1 07 CR 1170 (LBS)**

JOSEPH P. COLLINS

       :

       Defendant.

       :

       :

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>DEFENDANT JOSEPH P. COLLINS' REQUEST TO CHARGE</u>

The defendant **JOSEPH P. COLLINS** respectfully requests that the Court include the following in its charge to the jury:

# REQUEST NO. 1

## INDICTMENT MERELY AN ACCUSATION

An indictment is not evidence. It merely describes the charges made against the defendant. An indictment is a formal method of bringing a case into court for trial and determination by a jury. It creates no presumption that a crime was committed and no inference of any kind may be drawn from an indictment. You may not consider the indictment as any evidence of guilt of the defendant. The fact that Mr. Collins is the subject of this indictment and is on trial here may not be used against him in any way whatsoever.

In reaching your determination of whether the government has proved Mr. Collins guilty beyond a reasonable doubt, you may consider only the evidence introduced at trial or the lack of evidence.

## AUTHORITY

Adapted from 1 Hon. Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, Steven W. Allen & Hon. Jed S. Rakoff, <u>Modern Federal Jury Instructions – Criminal</u>, Instruction 3-1, at 3-2 (2008) [hereinafter 1 Sand et al., <u>Modern Federal Jury Instructions</u>].

## REQUEST NO. 2

## GOVERNMENT AS A PARTY

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. Both parties, government and Mr. Collins alike, stand as equals before this bar of justice.

## AUTHORITY

1 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 2-5, at 2-15.

# REQUEST NO. 3

## PRESUMPTION OF INNOCENCE AND PROOF BEYOND A REASONABLE DOUBT

I instruct you that you must presume Mr. Collins to be innocent of the crimes charged. Thus Mr. Collins, although accused of crimes in the indictment, begins the trial with a "clean slate" -- with no evidence against him. The indictment, as you already know, is not evidence of any kind. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit Mr. Collins.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Mr. Collins is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense -- the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves beyond a reasonable doubt that Mr. Collins has committed each and every element of an offense charged in the indictment, you must find him not guilty of that offense. If you view the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – you must adopt the conclusion of innocence.

**AUTHORITY**

Adapted from 1A Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, 12.10.

# REQUEST NO. 4

## JURY AS SOLE ARBITER OF FACTS – COURT'S AND ATTORNEYS' ACTIONS NOT TO BE CONSIDERED

You are the sole and exclusive judge of the facts. Since you are the sole and exclusive judge of the facts, I have not indicated and I do not indicate any opinion as to the facts or what your verdict should be.

The rulings I made during the trial are not to be taken by you as any indication of any views that I might have as to what your decision ought to be or whether or not the government proved its case. I instruct you that you are to draw no inference from the fact that on a couple of occasions, I asked questions of a couple of the witnesses. Those questions were intended only to clarify the evidence or to expedite the matter, and they certainly were not intended to suggest any opinion on the verdict you should render or whether any of the witnesses were more or less credible than any others.

Nor are you to draw any inferences from the fact that I remonstrated or scolded one or another or probably all of the lawyers at one time or another during this trial. Anything I do along those lines is designed solely to move the case along in a proper way. It's not to be held against the lawyer involved. It is certainly not to be held against the government, and it is certainly not to be held against Mr. Collins.

My job is to make sure that the ship sails on time, and that's what I was doing. You are expressly to understand that the Court has no opinion on the verdict you should render in this case.

It is the duty of the lawyers on both sides to object when another party offers testimony or evidence that the lawyer thinks is not properly admissible. The lawyers have the right and the duty to ask me to make rulings of law and to request conferences at the sidebar or out of your hearing. All of those matters involve questions of law that are to be decided by the Court. You are not to show any prejudice against a lawyer or a client because the attorney objected to the admissibility of evidence or asked for a sidebar or asked me to rule on some legal point.

## AUTHORITY

Adapted from the charge of the Hon. Lewis A. Kaplan in <u>United States v. Eggers</u>, 97 Cr. 1004 (LAK), Tr. at 2266-68.

## REQUEST NO. 5

## EVIDENCE:  DIRECT AND CIRCUMSTANTIAL

The Court is respectfully requested to include this paragraph in its standard instruction on direct and circumstantial evidence:

Some circumstantial evidence may be susceptible to more than one inference - perhaps with one inference tending to indicate guilt and the other innocence.  In such a case, in selecting any particular inference, you must keep in mind the presumption of innocence and that the prosecution has the burden of proving the defendant guilty beyond a reasonable doubt.

## AUTHORITY

United States v. Cassese, 428 F.3d 92, 98-99 (2d Cir. 2005); United States v. Glenn, 312 F.3d 58, 64 & 70 (2d Cir. 2002) ("[I]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence, then a reasonable jury must necessarily entertain a reasonable doubt.") (internal quotation marks and citations omitted); United States v. Desena, 260 F.3d 150, 154 (2d. Cir. 2001).

# REQUEST NO. 6

## CREDIBILITY OF WITNESSES

Now I come to one of the more important issues for all juries in any trial, the issue of credibility.

You must now consider whether the witnesses were both truthful and accurate. A witness could believe that he or she was being truthful, yet be mistaken and not able to recall facts accurately. Also, a witness could take the oath and still intentionally testify falsely.

I am going to give you a few general instructions as to how you should go about determining whether witnesses are credible and reliable. I told you at the beginning of trial that it was important for you to listen and observe carefully the witnesses as they testified and to think about their testimony as they gave it.

You must now consider whether the witnesses told the truth and whether they knew what they were talking about. How do you determine that? It is really just a matter of your using your common sense, your good judgment, and your experience.

First of all, consider how good an opportunity the witness had to observe or hear what he or she testified about. How did the witness's testimony impress you? Did the witness appear to be testifying honestly, candidly? Were the witness's answers direct or evasive? Consider the witness's demeanor, his or her manner of testifying. Consider the strength and accuracy of the witness's recollection. Consider whether any outside factors, may have affected a witness's ability to perceive events. Consider the substance of the testimony. Decide whether or not a witness was straightforward, or whether he or she attempted to conceal anything.

It is also important to consider carefully how the witness' testimony compares with other proof in the case. Is the testimony corroborated by other testimony or evidence in the case? Is the witness' testimony contradicted by other evidence? If there is a conflict between the witnesses' testimony and other evidence, which seems more reliable: the testimony of the witness or the contrary evidence?

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of his or her testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake. Keep in mind that a witness may be testifying honestly about his or her recollection, but that his her recollection may be mistaken. You may also consider whether the inconsistency concerns an important fact or whether it had to do with a small detail, as well as whether the witness had an explanation for the inconsistency and, if so, whether that explanation appealed to your common sense.

In addition, you may consider whether a witness had any possible bias, any relationship to a party, any motive to testify falsely or any possible interest in the outcome of the case. Such a bias or relationship does not necessarily make the witness unworthy of belief. These are simply factors that you may consider.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be

truthful or which are corroborated by other independent evidence in the case.

It is for you, the jury, and for you alone, not the lawyers, not any of the witnesses, and not me as the judge, to decide the credibility of witnesses who appeared here and the weight which their testimony deserves.

As I told you at the beginning of the trial, you do not leave your common sense, good judgment or your life experiences behind you when you walk into the courtroom. You carry that background into the jury room during your deliberations. Please remember, however, that you may not use your experience and common sense to fill in or create evidence that does not exist. You use them only to draw reasonable inferences from proven fact or to weigh and evaluate the evidence provided during the trial.

## AUTHORITY

Adapted from the charge of the Hon. Sonia Sotomayor in <u>United States v. Lech</u>, S2 94 Cr. 285-03 (SS), Tr. at 854-57.

# REQUEST NO. 7

## DEFENDANT'S INTEREST IF DEFENDANT TESTIFIES

[If applicable]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have instructed you, the government bears the burden of proof beyond a reasonable doubt at all times, and the defendant is presumed innocent. If a defendant nonetheless chooses to testify, he is, of course, permitted to take the witness stand on his own behalf.

In this case, Mr. Collins decided to testify. You should examine and evaluate his testimony just as you would the testimony of any other witness with an interest in the outcome of this case.

## AUTHORITY

Adapted from 1 Sand et al., Modern Federal Jury Instructions, Instruction 7-4, at 7-11.

# REQUEST NO. 8

## DEFENDANT'S ELECTION NOT TO TESTIFY

[If applicable]

Mr. Collins did not testify in this case. Under our Constitution no defendant has any obligation to testify or to present any evidence. That's because it's the government's burden to prove the defendant guilty beyond a reasonable doubt.

That burden, as I've said, remains with the government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent. The right of a defendant not to testify is an important part of our Constitution. I'm going to quote you something that the Supreme Court has said on this subject so that you will have it in mind.

> It is not everyone who can safely venture on the witness stand, though entirely innocent of the charge against him. Excessive timidity, nervousness when facing others and attempting to explain transactions of a suspicious character, and offenses charged against him, will often confuse and embarrass him to such a degree as to increase rather than remove any prejudice against him. It is not everyone, however honest, who would therefore willingly be placed on the witness stand.

It is for that reason that may not attach any significance to the fact that any defendant did not testify. No adverse inference may be drawn against Mr. Collins because he did not take the witness stand. You may not consider this against Mr. Collins in any way whatsoever.

## AUTHORITY

Adapted from the charge of the Hon. Lewis A. Kaplan in United States v. Eggers, 97 Cr. 1004

(LAK), Tr. at 2285-86 (quoting <u>Wilson v. United States</u>, 149 U.S. 60, 66 (1893)).  <u>See also</u> <u>Carter v. Kentucky</u>, 450 U.S. 288, 300 n.15 (1981); <u>Griffin v. California</u>, 380 U.S. 609, 613 (1965); Charge of the Hon. John S. Martin in <u>United States v. Anosike</u>, 94 Cr. 717.

## REQUEST NO. 9

## USE OF COOPERATING WITNESSES

Additionally, you have heard witnesses at trial who testified that they were actually involved in carrying out some of the criminal activity charged in the indictment.

The witnesses were [*enumerate*]. Lawyers call these witnesses cooperating witness.

There is nothing improper or illegal about the government's use of cooperating witnesses. Whether or not you approve of the use of cooperating witnesses in an effort to detect criminal activity is not to enter into your deliberations.

However, a cooperating witness' testimony is of such a nature that it must be scrutinized with great care and viewed with special caution. As always, it is for you to decide how much, if any, weight to give to these witnesses' testimony. You should bear in mind, however, that a cooperating witness has an interest in this case different from that of any ordinary witness. A witness who realizes that he or she may be able to obtain his or her own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely. Hence the need for caution and great care when examining the testimony of these witnesses and in deciding what weight, if any, to give to such testimony.

## AUTHORITY

Adapted from the charge of the Hon. John M. Walker in United States v. Chestman, 88 Cr. 455 (JMW), Tr. at 862 and from the Hon. Sonia Sotomayor in United States v. Lech, S2 94 Cr. 285-03 (SS), Tr. at 857-58.

## REQUEST NO. 10

## EXPERT TESTIMONY

[if applicable]

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## AUTHORITY

1 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 7-21, at 7-79.

## REQUEST NO. 11

## CRIME DEFINED BY STATUTE ONLY

In our system, we only have crimes which are defined by statute. The fact that something may be repugnant to you, or may be something that you think is morally wrong, is truly of no interest whatsoever. Statutes define our crimes, and from time to time, I will talk to you about the individual statutes and how they break down into elements so that you can consider the elements that the government must prove. Some vague feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Break it down to the elements, see if there is proof beyond a reasonable doubt as to each one of those elements, and then, with that determination made, you can render a verdict.

## AUTHORITY

Adapted from the charge of the Hon. Kevin T. Duffy in United States v. Scherer, 92 Cr. 698 (ALL), Tr. at 1967. See also Chiarella v. United States, 445 U.S. 222, 232 (1980) ("not every instance of financial unfairness constitutes fraudulent activity under § 10(b)").

## REQUEST NO. 12

## COUNT ONE – CONSPIRACY – GENERAL INSTRUCTION

Let me now explain to you what the word "conspiracy" means. A conspiracy is a kind of criminal partnership, a combination or an agreement of two or more persons to join together to accomplish some unlawful purpose. The crime of conspiracy to violate federal law is an independent offense. It is separate and distinct from the actual violation of any specific federal law.

## AUTHORITY

Adapted from the charge of the Hon. Lewis A. Kaplan in <u>United States v. Eggers</u>, 97 Cr. 1004 (LAK), Tr. at 2193.

# REQUEST NO. 13

## CONSPIRACY -- FIRST ELEMENT -- EXISTENCE OF THE CONSPIRACY

An unlawful conspiracy does not require a formal, written or verbal agreement. It may leave much to the unexpressed understanding between the parties to it. Nevertheless, the government must establish beyond a reasonable doubt that the conspiracy did exist, that the members did in some way come to a common understanding to violate the law and to accomplish an agreed-upon unlawful plan.

In determining whether there has been such an unlawful agreement, you may judge the acts and conduct of the alleged co-conspirators which were done to carry out an apparent criminal purpose. The adage, actions speak louder than words, may apply here.

Acts and conduct considered together as a whole may permit an inference that an alleged conspiracy did exist, even in the absence of direct proof of an express verbal agreement. But remember, all of these acts and conduct must establish beyond a reasonable doubt the existence of a fundamental agreement to violate the law in a mutually agreed-upon way.

In order to establish the existence of the conspiracy, the government must, from the evidence of all the facts and circumstances, prove beyond a reasonable doubt that at least two of the alleged co-conspirators entered into the unlawful agreement charged in the indictment, in furtherance of an agreed upon plan between them to break the law. However, it is not necessary that any of the crimes which the conspirators agreed upon actually have been carried out.

In addition to proving the existence of the conspiracy charged in Count One beyond a reasonable doubt, the government must also prove beyond a reasonable doubt that at least one

mutually agreed-upon object of the conspiracy was to violate the federal laws enumerated in Count One. I will more precisely define all of the relevant terms of the federal securities laws, the federal wire fraud statute, and the bank fraud statutes, when I instruct you on Counts Two through Fourteen. I will more precisely define all the relevant terms of the federal laws regarding making false filings with the SEC and the federal money laundering statute shortly.

Thus, the government's burden with respect to this element is to prove beyond a reasonable doubt that a conspiracy existed and that its goal was to accomplish at least one of the illegal objectives set forth in Count One, so long as you also find that there was a shared agreement among the alleged conspirators with respect to the particular objective.

In order to establish the existence of an illegal objective of a conspiracy, the government must prove beyond a reasonable doubt that at some point in time within the period of time extending from 1997 through April 2005, there existed an agreement or understanding on the part of at least two of the alleged conspirators to commit the crimes that are charged as being the objects of the conspiracy.

So, to sum up this first element, if upon consideration of all the evidence in this case, both direct and circumstantial, you find that the government has proven beyond a reasonable doubt that at least two of the alleged conspirators agreed to work together in furtherance of the unlawful purposes alleged in Count One during any of the period of time I just discussed, then you may find proof of the existence of the charged conspiracy. But you must be unanimous as to any unlawful purpose – that is, you must be unanimous that there was a shared agreement as to a particular unlawful object charged in the indictment, and must all agree on the same object or

objects. If you find instead that the government has not proven beyond a reasonable doubt that two or more of the alleged conspirators agreed to work together in an agreed upon plan to further the unlawful purposes alleged in Count One, or if you are not unanimous as to the object of the conspiracy that was the end of that agreed upon plan, then you must acquit Mr. Collins of conspiracy.

## AUTHORITY

Adapted from the charge of the Hon. Charles S. Haight in <u>United States v. Teicher</u>, 88 Cr. 796 (CSH), Tr. at 7199-204.

# REQUEST NO. 14

## CONSPIRACY -- SECOND ELEMENT -- MEMBERSHIP IN THE CONSPIRACY

The second element is the personal element. The government must prove beyond a reasonable doubt that Mr. Collins joined the conspiracy, and did so knowingly, willfully and intentionally.

It's not necessary for a person to be a co-conspirator by joining at the very start. He can join at any time in the alleged conspiracy and be held responsible for all of it, but the government must prove beyond a reasonable doubt that a defendant intentionally and knowingly participated in the conspiracy, and it must prove beyond a reasonable doubt that he sought to achieve the same unlawful objects as the other members of the alleged conspiracy. It must prove that with an understanding of the unlawful character of the conspiracy, the defendant, for the purpose of furthering the unlawful purpose of the conspiracy, intentionally engaged, in activity which was intended to move the conspiracy toward the accomplishment of an agreed upon unlawful object of the conspiracy.

Consider all of the evidence in front of you. A person's actions may be the basis for drawing a conclusion that a person is a member of an alleged conspiracy, but remember, whatever those actions are, the government must have proven beyond a reasonable doubt that the person who took them intended to participate in the unlawful conspiracy and shared at least one of its agreed upon objects as set forth in the indictment. Although the government need not prove that the alleged conspirator knew every detail of the alleged conspiracy, it must prove beyond a reasonable doubt that he knew that he became part of the conspiracy, and that he both

knew about and shared the specific object or objects of the conspiracy.

Now, let me talk to you about a few things that are not indicative of membership in a conspiracy.

Association with some person that you find to be a member of the conspiracy is not enough. Presence in a particular place at a particular time is not enough. Similarity of acts is not enough. It has to be more than that. There must be proof beyond a reasonable doubt that the person actively went out and sought to participate in the conspiracy and both knew about and shared in its illegal object or objects.

A person, for example, can have knowledge that a conspiracy is going on, that the conspiracy is unlawful, be present with the other conspirators and still not be a co-conspirator. It has to be more than that. It has to be active participation. It has to be proof beyond a reasonable doubt that the defendant knowingly and willfully associated himself with the intent to aid in the accomplishment of the specific agreed-upon object or objects of the alleged conspiracy. To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

Therefore, first of all, the government must prove beyond a reasonable doubt that Mr. Collins recognized that the conspiracy was unlawful. He doesn't have to know the section of the law that's involved, but he has to know it's unlawful. The government has to prove beyond a reasonable doubt that his act in furtherance of the conspiracy was done knowingly, and that he shared the same illegal object or objects as his alleged co-conspirators.

The act also must be done intentionally. It can't be something that happens because of mistake or inadvertence or negligence or some other innocent reason. The government must prove that the defendant acted willfully, that is, the government must prove beyond a reasonable doubt that Mr. Collins chose to do the particular action he did knowing the consequences of the act, knowing he is doing it for the specific agreed upon object or objects of the alleged conspiracy, and, knowing that that object is something that the law forbids.

## AUTHORITY

Adapted from the charge of the Hon. Kevin T. Duffy in United States v. Scherer, 92 Cr. 698 (ALL), Tr. at 1985-88.

# REQUEST NO. 15

## CONSPIRACY -- SECOND ELEMENT – OBJECTS OF THE CONSPIRACY

As I mentioned to you a few moments ago, a conspiracy is an agreement between two or more persons to accomplish by concerted action an unlawful purpose. The indictment charges several such unlawful purposes – also referred to as objects – of the conspiracy. Four of those objects are also charged separately as crimes committed by Mr. Collins under Counts Two through Fourteen of the indictment. I will review the elements of those offenses later when I instruct you as to those counts. The other objects I will review now. In considering these objects, please keep in mind that as I have previously instructed, the government must prove beyond a reasonable doubt that the defendant and his alleged conspirators shared the same agreed-upon unlawful object or objects, and that you may not convict Mr. Collins on this Count unless you are unanimous as to the particular object or objects that you find were agreed upon.

## REQUEST NO. 16

## CONSPIRACY -- SECOND ELEMENT – OBJECT OF THE CONSPIRACY – FALSE STATEMENTS IN SEC FILINGS

An object alleged in Count One of the indictment consists of making false statements in reports and documents required to be filed with the Securities and Exchange Commission under the Securities Exchange Act of the 1934.

The Securities Exchange Act requires public companies to make periodic reports concerning their business and financial results, and file those reports with the SEC. For example, public companies file annual reports with the SEC on Form 10-K and file quarterly reports on Form 10-Q.

To establish this object, the government must prove beyond a reasonable doubt that Refco was a public company required to make filings under the Securities Exchange Act and that two or more conspirators knowingly and willfully made or caused to made false or misleading statements of a material fact in a filing with the SEC required to be made by the Securities Exchange Act. You must also find that the government proved beyond a reasonable doubt that Mr. Collins shared this agreed-upon object with the other conspirator or conspirators.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

You must also find that the statements allegedly made were material. Information is material if there's a substantial likelihood that a reasonable investor would consider the

information significant or important in making his or her investment decision.

This is an objective test. It measures what facts a hypothetical reasonable investor would probably think important, not what any particular investor subjectively considered to be important. You do not need to find that disclosure of the information would have changed an investor's decision to purchase or sell Refco securities, only that the investor would have considered it significant.

In order to find this object proved, it is not necessary that you find an agreement to make false filings with respect to any particular SEC filing. The government need only prove beyond a reasonable doubt that there was an agreement with respect to any one of those SEC filings. However, you, the jury, must be unanimous as to which, if any, of the SEC filings were the subject of such an agreement. And you must also find that the government has proven, beyond a reasonable doubt, that Mr. Collins knowingly and willfully shared the object of making that particular false filing or filings with the SEC.

## AUTHORITY

Adapted from the charge of the Honorable Leonard B. Sand in <u>United States v. Rigas</u>, 02 Cr. 1236 (LBS), Tr. 11350-51; Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff.

## REQUEST NO. 17

## CONSPIRACY -- SECOND ELEMENT – OBJECT OF THE CONSPIRACY – MONEY LAUNDERING– KNOWLEDGE

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

In a prosecution for an offense under this section, the government is not required to prove that Mr. Collins knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that Mr. Collins knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense. And you must also find that the government has proven, beyond a reasonable doubt, that Mr. Collins knowingly and willfully shared with the other alleged conspirators the object of engaging in such unlawful monetary transaction.

### AUTHORITY

Adapted from 3 Hon. Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, Steven W. Allen & Hon. Jed S. Rakoff, Modern Federal Jury Instructions – Criminal, Instruction 50A-30, at 50A-68 (2008) [hereinafter 3 Sand et al., Modern Federal Jury Instructions].

## REQUEST NO. 18

## CONSPIRACY -- SECOND ELEMENT – OBJECT OF THE CONSPIRACY – ADDITIONAL OBJECTS

Count One of the indictment additionally alleges four other objects of the conspiracy: securities fraud, making of false statements in a registration, wire fraud, and bank fraud. I will review the elements of those offenses later when I instruct you as to the counts where these offenses are additionally charged directly against Mr. Collins.

As I instructed you earlier, you need not find that the conspirators agreed to accomplish all of the objects alleged in Count One of the indictment. An agreement to accomplish any one of these alleged objects is sufficient. However, you must be unanimous on the specific object or objects the conspirators agreed to try to accomplish, and you must also find that Mr. Collins shared that agreed-upon object or objects. If the government fails to prove beyond a reasonable doubt that at least one of the objects was an object of the conspiracy, or that Mr. Collins knowingly and willfully shared that object, then you must find Mr. Collins not guilty on the conspiracy count.

# REQUEST NO. 19

## CONSPIRACY -- THIRD ELEMENT -- OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

If you are satisfied that the government has proven beyond a reasonable doubt that the conspiracy charged did exist, and that Mr. Collins was a member of the conspiracy charged, then you must determine whether one of the members of the conspiracy took some affirmative step in furtherance of the conspiracy to achieve the object or objects of the conspiracy.

You may not convict Mr. Collins on the conspiracy charge, unless you find beyond a reasonable doubt, first, that an overt act was knowingly and intentionally committed by one of the co-conspirators, and that the act was done in the Southern District of New York; and second, that the overt act was done in furtherance of the conspiracy.

I instruct you as a matter of law, that the Southern District of New York includes Manhattan. The conspiracy is alleged to have lasted from on or about 1997 up to and including October 2005.

Now, an overt act is any step, action or conduct which is taken to achieve, accomplish or further the objects of the conspiracy committed by one or more of the co-conspirators. The purpose of requiring an overt act is that while parties may agree to violate the law, they may change their minds, or abandon their scheme, and do nothing to carry it into effect. In that event, the agreement does not constitute an offense. The law is not set up to punish people to what they thought or for what flights of fancy their conversations might include.

The overt act may be by itself an innocent act like a phone call. It may not be a criminal

act at all. It must be an act, however, that was knowingly and intentionally done in furtherance of the object of the conspiracy charged, and one of those overt acts must have taken place within the Southern District of New York.

To satisfy the overt act requirement under Count One, the government must prove beyond a reasonable doubt the occurrence of a least one overt act, done by any one co-conspirator, in furtherance of the charged conspiracy. It need not be an act by Mr. Collins.

For the purpose of determining whether the government has satisfied its burden of proof beyond a reasonable doubt with respect to this overt act requirement, you may consider any acts taken or statements made by any of the alleged co-conspirators, even if such acts or statements were not made in the presence of Mr. Collins, or were made without his knowledge. You may also find that an act was an overt act in furtherance of the conspiracy even though that act is not specifically named as an overt act in the indictment.

Now, I will recapitulate for you on the charge of conspiracy. To convict a defendant of conspiracy, the government must establish each of the following elements:

**First**, the government must prove beyond a reasonable doubt that two or more persons entered the unlawful agreement charged in the indictment, that is, that there was in fact an agreement to commit at least one of the objects charged in the indictment;

**Second**, the government must prove beyond a reasonable doubt that the defendant knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose, and shared at least one of the objects charged in the indictment; and

**Third**, the government must prove beyond a reasonable doubt that any one of the

conspirators knowingly committed at least one of the overt acts charged in the indictment in furtherance of the conspiracy.

If the government has failed to prove any of these elements beyond a reasonable doubt, then you must acquit the defendant of the crime of conspiracy.

On the other hand, if the government has established each of these elements beyond a reasonable doubt against the defendant, then you may convict him of conspiracy.

## AUTHORITY

Adapted from the charge of the Hon. Charles S. Haight in <u>United States v. Teicher</u>, 88 Cr. 796 (CSH), Tr. at 7213-222.

# REQUEST NO. 20

## COUNTS TWO AND THREE:

## SECURITIES FRAUD --- INDICTMENT AND STATUTE

Counts Two and Three of the indictment charge that Mr. Collins committed fraud in connection with the sale or purchase of certain securities issued by Refco.  Count Two charges that from in or about 1997 through in or about 2004, in the Southern District of New York, Mr. Collins, by the use of the means and instrumentalities of interstate commerce, did use and employ manipulative and deceptive devices and contrivances, in connection with the purchase and sale of 9% Senior Subordinated Notes Due 2012, issued by Refco Group Ltd., LLC and Refco Finance, Inc.  Count Three charges that from in or about 1997 through in or about October 2005, in the Southern District of New York, Mr. Collins, by the use of the means and instrumentalities of interstate commerce, did use and employ manipulative and deceptive devices and contrivances, in connection with the purchase and sale of the common stock of Refco, Inc.

## REQUEST NO. 21

## SECURITIES FRAUD -- ELEMENTS

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following elements of the crime of securities fraud:

**First**, the government must prove beyond a reasonable doubt that in connection with the purchase or sale of the security you are considering in that Count, the defendant did any one or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

**Second**, the government must prove beyond a reasonable doubt that the defendant acted willfully, knowingly, and with the intent to defraud.

**Third**, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce in furtherance of the fraudulent conduct.

## AUTHORITY

Adapted from 3 Sand, <u>Modern Federal Jury Instructions</u>, Instruction 57-20, at 57-58.

## SECURITIES FRAUD -- FIRST ELEMENT -- SCHEME OR ARTIFICE TO DEFRAUD

The first element that the government must prove beyond a reasonable doubt is that in connection with the purchase or sale of a security, the defendant did one or more of the following:

(1)     employed a device, scheme, or artifice to defraud, or

(2)     made an untrue statement of material fact, or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3)     engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

A device is an invention, a contrivance, or the result of some plan or design.

A scheme is a design or a plan formed to accomplish some purpose.

An artifice is an ingenious contrivance or plan of some kind.

There is nothing about the terms device, scheme or artifice which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

A device, scheme or artifice as used in these instructions, however, means the forming of some invention, contrivance, plan, or design to trick or deceive in order to obtain money or something of value.

The phrase fraud or deceit upon any person means, simply a lie or a trick.

The government may meet its burden in showing fraud or deceit upon any person if it proves beyond a reasonable doubt that the fraud or deceit employed was of a kind which would cause reasonable investors to rely and that some purchasers or sellers did rely.

The fraud or deceit itself need not concern the quality of an investment or actually result in the purchase or sale of any securities. The individuals alleged to be involved in the fraud or deceit need not have sold or purchased securities themselves as long as the fraudulent or deceitful conduct operated against some person. The government is not required to prove that the fraud or deceit was successful.

The government is required to prove beyond a reasonable doubt, however, that a fraud or deceit upon any person was operated in connection with the purchase or sale of the security charged in the Count of the indictment you are considering.

Count Two of the indictment alleges certain types of fraudulent conduct in connection with the purchase or sale of 9% Senior Subordinated Notes due 2012, issued by Refco Group Ltd., LLC and Refco Finance, Inc. Count Three of the indictment alleges certain types of fraudulent conduct in connection with the purchase or sale of the common stock of Refco, Inc. With respect to each of these counts, therefore, the government must prove beyond a reasonable doubt, that there were purchases or sales of the securities described in that count and that the fraud or deceit described in the indictment had some relationship to or was connected with these sales or purchases.

If you find that the government has proven beyond a reasonable doubt that the defendant acted with a fraudulent intent, or said another way, with intent to defraud, it is unimportant

whether the defendant was successful and accomplished the plan or was unsuccessful and did not accomplish it. It is not necessary for the government to prove that anybody was actually defrauded or that the defendant actually profited by any fraudulent transaction.

On the other hand, even though some individual may have lost money in the transactions shown by the evidence, this does not rise to the level of fraud unless the government proves beyond a reasonable doubt that Mr. Collins intended deceive, or trick, or injure, or damage that individual as charged in the indictment.

An honest belief or good faith belief by Mr. Collins that the statements or representations made were true is a complete and total defense to the charge of securities fraud in Counts Two and Three of the indictment because such an honest or a good faith belief is absolutely inconsistent with a fraudulent intent. A defendant has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. Thus, if you have a reasonable doubt as to whether Mr. Collins acted with intent to defraud or acted in good faith, you must acquit him of securities fraud.

## AUTHORITY

Adapted from 2B Kevin F. O'Malley, Jay E. Grenig & William C. Lee, <u>Federal Jury Practice and Instructions</u>, 62.10, 11, 13, 15, at 329-347 (5th Ed. 2000).

## REQUEST NO. 23

## SECURITIES FRAUD -- FIRST ELEMENT -- MATERIALITY

In considering this element, you must determine whether the statements that Mr. Collins allegedly made or failed to make were material. Information is material if there's a substantial likelihood that a reasonable investor would consider the information significant or important in making his or her investment decision.

This is an objective test. It measures what facts a hypothetical reasonable investor would probably think important, not what any individual investor actually considered to be important. You do not need to find that disclosure of the information would have changed an investor's decision to purchase or sell the Refco securities at issue in the Count you are considering, only that the investor would have considered it significant.

Therefore, the government must prove beyond a reasonable doubt that the Mr. Collins either made statements or omissions in connection with the purchase or sale of a security that were material in the circumstances. The statute concerns itself only with material misrepresentations and nondisclosures. It does not cover minor, meaningless, or unimportant ones.

## AUTHORITY

Adapted from the charge of the Hon. Lewis A. Kaplan in United States v. Eggers, 97 Cr. 1004 (LAK), Tr. at 2254-55; see also TSC Industries, Inc. v. Northway, 426 U.S. 438, 449 (1976).

# REQUEST NO. 24

## SECURITIES FRAUD -- SECOND ELEMENT -- KNOWLEDGE, INTENT, AND WILLFULNESS

The second element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with intent to defraud.

To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To act "willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. Direct written or verbal proof is not required.

The ultimate facts of knowledge and criminal intent may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom, but all the elements of the crime charged must be established beyond a reasonable doubt.

Under the anti-fraud statutes, even false representations or statements or omissions of

material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may have turned out to be. Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud.

A defendant has no burden to establish a defense of good faith. The government must prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against Mr. Collins, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme.

Knowledge may be found from circumstances that would convince an average, ordinary person. However, the government cannot meet is burden to establish knowledge beyond a reasonable doubt merely by demonstrating negligence or oversight on the part of Mr. Collins.

To conclude on this element, unless you find that the government has proven beyond a reasonable doubt that Mr. Collins was a knowing participant in the scheme and intended to deceive, you must acquit him. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that Mr. Collins was a knowing participant and acted with intent to defraud, and if the government also establishes the third element beyond a reasonable

doubt, as to which I am about to instruct you, then you have a sufficient basis upon which to convict.

**AUTHORITY**

Adapted from 3 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 57-24, at 57-91 to 95.

## FALSE FILING WITH THE SEC

Counts Four and Five of the indictment charges the defendant with making false filings of registration statements with the Securities and Exchange Commission.

In Count Four, the government charges that the defendant caused to be filed with the SEC a registration statement on Form S-4, filed April 6, 2005, and that this registration statement misrepresented material facts in connection with soliciting securities investments in Refco, Inc. In Count Five, the government charges that the defendant caused to be filed with the SEC a registration statement on Form S-1, filed August 8, 2005, and that this registration statement misrepresented material facts in connection with soliciting securities investments in Refco, Inc.

In order to prove the defendant guilty of these charges, the government must prove beyond a reasonable doubt each of three essential elements:

**First**, the government must prove beyond a reasonable doubt that in connection with filing of the registration statement you are considering, the defendant made untrue statements of material facts and omitted to state material facts required to be stated therein to prospective investors;

**Second**, the government must prove beyond a reasonable doubt that the defendant did this knowingly, willfully, and with an intent to defraud; and

**Third**, the government must prove beyond a reasonable doubt that the defendant, in furtherance of this misconduct, used or caused to be used the mails or instruments of interstate commerce.

The misrepresentations may take the form of lies or of half-truths: a lie is a statement that is itself untrue whereas a half-truth is a statement that is true as far as it goes but that purposely omits material facts necessary in order to make what is said not misleading. However, the government must prove beyond a reasonable doubt that the misrepresentation is "material," that is, it must be a statement or omission that would be important to a reasonable investor in deciding whether or not to invest in Refco's securities.

To satisfy the first element of this charge, the government must prove beyond a reasonable doubt that the registration statement you are considering contains at least one material misrepresentation. However, while it is only necessary for the government to prove one such material misrepresentation to satisfy the first element, you must all be unanimous in your agreement as to which particular misrepresentation was both false and material.

With respect to the second element, it is not sufficient to find that Mr. Collins made or knowingly caused others to make material misrepresentations in the registration statement you are considering. In order to find this element satisfied, the government must prove beyond a reasonable doubt that Mr. Collins made or caused to be made material misrepresentations in the registration statement "knowingly, willfully, and with an intent to defraud." To act "knowingly" in this context means that the defendant knew that one or more investors were being lied to. To act "willfully" means to act with a bad purpose, rather than innocently, negligently, or in good faith. For example, if you find that the Mr. Collins honestly believed in good faith that a statement he made was true, the fact that the statement was in fact false would not be sufficient to convict. Recall that Mr. Collins, as the defendant, has no burden to establish a defense of good faith. Rather, it is the government's burden to prove fraudulent intent and the consequent

lack of good faith beyond a reasonable doubt.

Finally, to act with "an intent to defraud" means that the government must prove beyond a reasonable doubt that Mr. Collins made or caused the material misrepresentation to be made for the purpose of thereby deceiving an investor into parting with money or property.

As to the third and final element, the government must prove beyond a reasonable doubt that Mr. Collins, used or caused others to use the mails or the instruments of interstate commerce.

## AUTHORITY

Adapted from 3 Sand, <u>Modern Federal Jury Instructions</u>, Instruction 57-14S, at 57-38 to 39.

## REQUEST NO. 26

## WIRE FRAUD – ELEMENTS

In order to sustain its wire fraud charges, the government must prove each of the following elements beyond a reasonable doubt for each Count:

**First**, the government must prove beyond a reasonable doubt that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the indictment;

**Second**, the government must prove beyond a reasonable doubt that Mr. Collins knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

**Third**, the government must prove beyond a reasonable doubt that in execution of that scheme, Mr. Collins used or caused the use of the interstate wires, as specified in the indictment.

## AUTHORITY

Adapted from 2 Hon. Leonard B. Sand, John S. Siffert, Walter P. Loughlin, Steven A. Reiss, Steven W. Allen & Hon. Jed S. Rakoff, <u>Modern Federal Jury Instructions – Criminal</u>, Instruction 44-3, at 44-4 (2008) [hereinafter 2 Sand et al., <u>Modern Federal Jury Instructions</u>].

## WIRE FRAUD – SECOND ELEMENT – PARTICIPATION IN SCHEME WITH INTENT

The second element that the government must prove beyond a reasonable doubt is that Mr. Collins participated in the scheme to defraud knowingly, willfully and with specific intent to defraud and for the purpose of causing financial injury or property loss to another.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law. "Intent to defraud" in this context means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. The mere fact that the defendant intended to achieve some financial gain for himself or stood to benefit from the fraudulent scheme is not sufficient. Some actual financial harm or property loss must have been intended. The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud. Mr. Collins, however, has no burden to establish a defense of good faith. Rather, the government bears the burden of proving fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Under the wire fraud statute, even false representations or statements, or omissions of

material facts, do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a good defense, however inaccurate the statements may turn out to be.

As a practical matter, then, in order to sustain the charges against the Mr. Collins, the government must prove beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and, nonetheless, that he associated himself with the alleged fraudulent scheme for the purpose of causing some financial injury or loss to another.

## AUTHORITY

Adapted from 2 Sand et al., Modern Federal Jury Instructions, Instruction 44-5, at 44-28 to 29; United States v. Novak, 443 F.3d 150, 156 (2d Cir. 2006); United States v. Starr, 861 F.2d 94, 98 (2d Cir. 1987) ("Although the government is not required to prove actual injury, it must, at a minimum, prove that defendants *contemplated* some actual harm or injury to their victims. Only a showing of intended harm will satisfy the element of fraudulent intent").

# REQUEST NO. 28

## WIRE FRAUD – THIRD ELEMENT – USE OF INTERSTATE OR FOREIGN WIRES

The third and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London. A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others. This does not mean that the defendant must specifically have authorized others to make the call or transfer the funds.

When one does an act with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen, even though not actually intended, then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment.

## AUTHORITY

Adapted from 2 Sand et al., Modern Federal Jury Instructions, Instruction 44-7, at 44-48.

## REQUEST NO. 29

## BANK FRAUD -- ELEMENTS OF THE OFFENSE

In order to prove Mr. Collins guilty of the crime charged in the indictment, the government must establish each of the following elements beyond a reasonable doubt:

**First,** the government must prove beyond a reasonable doubt that there was a scheme to defraud a bank or a scheme to obtain money or funds owned or under the custody or control of a bank by means of materially false or fraudulent pretenses, representations or promises, as charged in the indictment;

**Second,** the government must prove beyond a reasonable doubt that Mr. Collins executed or attempted to execute the scheme with the intent to fraudulently harm or victimize the bank by exposing it to actual or potential loss.

**Third,** the government must prove beyond a reasonable doubt that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

## AUTHORITY

Adapted from 2 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 44-9, at 44-53; <u>United States v. Rigas</u>, 490 F.3d 208, 231 (2d Cir. 2007) (quoting <u>United States v. Stavroulakis</u>, 952 F.2d 686, 694 (2d Cir. 1992)).

## REQUEST NO. 30

## BANK FRAUD – FIRST ELEMENT-SCHEME TO DEFRAUD

The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud a bank as described in the indictment. A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property with the intent to harm or victimize the bank by exposing it to actual or potential loss.

Alternatively, the government must prove beyond a reasonable doubt that there was a scheme to obtain money or property owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations or promises as described in the indictment. A representation is fraudulent if it was falsely made with the intent to deceive.

A fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to omissions of material facts.

Although it is not necessary for the government to prove an actual loss of funds by the

bank, the government must prove beyond a reasonable doubt that by executing or attempting to

execute the scheme alleged in the indictment, the defendant placed the bank at a risk of loss and

that the bank did not knowingly accept such a risk.

## AUTHORITY

Adapted from 2 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 44-10, at 44-56 to 57;
<u>U.S. v. Rodriguez</u>, 140 F.3d 163 (2d Cir. 1997)

# REQUEST NO. 31

## BANK FRAUD – SECOND ELEMENT – INTENT TO DEFRAUD

The second element the government must prove beyond a reasonable doubt is that Mr. Collins executed or attempted to execute the scheme knowingly, willfully and with specific intent to defraud the bank.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with "specific intent to defraud" means to act willfully and with the specific intent to deceive, for the purpose of causing a financial loss or risk of loss to the bank.

The question of whether a person acted knowingly, willfully and with specific intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind.

As I have explained to you, the ultimate facts of knowledge, willfulness and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

To prove that Mr. Collins acted with intent to defraud the bank, the government must prove two things beyond a reasonable doubt. The government must prove beyond a reasonable doubt that Mr. Collins intended to engage in a scheme that was designed to deceive the bank.

The government must also prove beyond a reasonable doubt that Mr. Collins intended to harm or victimize the bank.

## AUTHORITY

Adapted from 2 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 44-11, at 44-66 to 67; U.S. v. Ragosta, 970 F.2d 1085 (2d Cir. 1991); <u>U.S. v. Chandler</u>, 98 F.3d 711 (2d Cir. 1996); <u>U.S. v. Rodriguez</u>, 140 F.3d 163 (2d Cir. 1997).

# REQUEST NO. 32

## BANK FRAUD – THIRD ELEMENT – BANK WAS FEDERALLY INSURED OR CHARTERED

The last element the government must prove beyond a reasonable doubt is that the bank involved in the Count you are considering – JPMorgan Chase for Counts Ten through Thirteen or HSBC for Count Fourteen – was insured by the Federal Deposit Insurance Corporation at the time of the execution of the alleged scheme to defraud.


## AUTHORITY

Adapted from 2 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 44-12, at 44-68.

# REQUEST NO. 33

## AIDING AND ABETTING

The aiding and abetting statute, Title 18, United States Code, Section 2, reads, in part, as follows: "Whoever commits an offense against the United States or aids or abets or counsels, commands induces, or procures its commission, is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the government to prove that a defendant himself physically committed the crime with which the defendant is charged in order for the government to sustain its burden of proof. Rather, the government may sustain its burden by proving beyond a reasonable doubt that another person actually committed the crime and that the defendant aided and abetted that person in the commission of the offense, with the intent to achieve that specific offense.

As you can see, the first requirement is that the government must prove beyond a reasonable doubt that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, you may then consider whether Mr. Collins aided or abetted the commission of the crime and whether he did so knowingly and intentionally.

To establish aiding and abetting, the government must prove beyond a reasonable doubt that the defendant willfully and knowingly associated himself in some way with the crime, that the defendant shared the purpose of person who committed the crime, and that the defendant willfully, knowingly and intentionally sought by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally and with the specific purpose to accomplish the illegal aims of the principal violator, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law and to accomplish the illegal purpose of the criminal venture.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. The government must prove beyond a reasonable doubt that the defendant had some interest in and shared the illegal purpose of the criminal venture.

To determine whether the government satisfied its burden to prove beyond a reasonable doubt that Mr. Collins aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

- Did the government prove beyond a reasonable doubt that Mr. Collins participated in the crime charged with the purpose of bringing that crime about?

- Did the government prove beyond a reasonable doubt that Mr. Collins associated himself with the criminal venture knowing of its illegal purpose, and intended to bring that illegal purpose to fruition?

- Did the government prove beyond a reasonable doubt that Mr. Collins sought by his actions to make the criminal venture succeed?

If the government proves beyond a reasonable doubt that Mr. Collins did all of these, then

you may find that he is an aider and abettor of the offense. A person who aids or abets another to commit an offense is just as culpable as if he committed it himself. But if the government does not prove beyond a reasonable doubt that Mr. Collins did all of these things, then he is not an aider and abettor, and you must find him not guilty.

## AUTHORITY

Adapted from 1 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 11-2, at 11-4 to 5.

## REQUEST NO. 34

## VENUE

In addition to the foregoing elements of each of the 14 offenses in the indictment, you must consider whether any act in furtherance of each of the crimes charged occurred within the Southern District of New York.

You are instructed that Southern District of New York encompasses the counties of Manhattan, the Bronx, Westchester, Rockland, Putnam, Duchess, Orange and Sullivan.

In this regard, with respect to each offense in the indictment, the government need not prove that the crime itself was committed in this district or that Mr. Collins was present here. It is sufficient to satisfy this element if any act in furtherance of the crime you are considering occurred within this district. If you find that the government his failed to prove that any act in furtherance of the crime your are considering occurred within this district--or if you have a reasonable doubt on this issue--then you must acquit.

## AUTHORITY

Adapted from 1 Sand et al., <u>Modern Federal Jury Instructions</u>, Instruction 3-11, at 3-23.

# REQUEST NO. 35

## THEORY OF DEFENSE

[RESERVED]

Dated: New York, New York
      March 30, 2009

Respectfully Submitted,

By: _____

William J. Schwartz (WS 8462)
Jonathan P. Bach (JB 9710)
Jason M. Koral (JK 1044)
COOLEY GODWARD KRONISH, LLP
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000

*Attorneys for Defendant Joseph P. Collins*

TO:    LEV L. DASSIN, ESQ.
       United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007
       Attn.: Christopher L. Garcia, Esq.
              Nicholas S. Goldin, Esq.