UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                   :

                vs.                   :          No. 07 Cr. 1170 (LBS)

JOSEPH P. COLLINS,                           :

                Defendant.         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

# DEFENDANT JOSEPH P. COLLINS'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT TESTIMONY OF CERTAIN FACT WITNESSES

Defendant Joseph Collins respectfully submits this opposition to the government's motion to admit testimony of certain fact witnesses.

## INTRODUCTION

The government seeks the admission of purported "lay opinion" testimony from five separate witnesses who were involved in the Refco leveraged buy-out ("LBO"). Specifically, the government intends to elicit testimony from these witnesses about their understanding and interpretation of certain provisions in the central contractual document for the LBO, the Equity Purchase and Merger Agreement ("EPMA").

We do not at this time contest the admissibility of testimony from these witnesses concerning their discussions with Joseph Collins, in which the meaning of various contractual provisions might have been raised.[1] We do, however, object to supplemental testimony from these witnesses concerning their own subjective interpretation of contractual provisions apart from conversations with Collins. As set forth more fully below, the grounds for our objections are as follows:

- Rule 701 has been amended specifically to preclude lay witnesses from testifying about technical subjects requiring specialized knowledge. Here, lawyer-witnesses would be testifying about the meaning of standardized transactional clauses based on specialized expertise and knowledge, including years of experience in the field of corporate acquisitions.

- Testimony concerning how the government's witnesses understood and interpreted the contract is not "helpful" to the jury, as required by Rule 701, because their state of mind is not relevant in this case. Only Collins' state of mind is relevant in this case: the question is how he understood and interpreted these provisions. Eliciting opinion testimony from other lawyers would unfairly prejudice Collins by confusing the issue and wrongly allowing jurors to infer that Collins had a corrupt state of mind because these lawyer-witnesses understood the

---

[1]   Depending on the content of such testimony, which for the most part has not yet been revealed to us, we reserve the right to raise whatever objections might be applicable to such evidence at trial.

provisions to have a different meaning. The jury would attach undue weight to what these lawyer-witnesses say precisely because they are experts in their field and not simply lay fact witnesses.

- Second Circuit law discourages lay opinion testimony that essentially tells the jury what ultimate conclusion to reach. A fundamental issue in this case is whether Collins aided and abetted Refco in making misrepresentations to TH Lee, including through provisions of the EPMA.

- Co-conspirator Robert Trosten's interpretation of the meaning of provisions in the EPMA is not probative of Collins' state of mind.

- Insofar as the government has yet to disclose to the defense the content of the lay opinion testimony that it intends to offer through witnesses Tabor, Westra, Burger and Schoen, the government's motion for admission is premature and the record is insufficient at this stage to support a ruling.

Under Rule 701, a lay witness may testify in the form of an opinion only when three foundational requirements are met. First, the testimony must be "rationally based on the perception of the witness." Fed. R. Evid. 701(a); *see also U.S. v Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) ("opinion evidence may be allowed only if the court finds that the opinion is 'rationally based on' the witness's own perceptions"); *U.S. v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007). Second, the testimony must be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Fed. R. Evid. 701(b). The helpfulness requirement is "designed to provide assurances against the admission of opinions which would merely tell the jury what result to reach." *Hester v. BIC Corp.*, 225 F.3d 178, 181 (2d Cir. 2000) (quotation omitted). Third, the testimony must not be "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c); *see also U.S. v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005) ("If the opinion rests in *any way* upon scientific, technical, or other specialized knowledge, its admissibility *must* be determined by reference to Rule 702, not Rule 701.") (emphasis added) (internal quotation omitted); *U.S. v. Peoples*, 250

F.3d 630, 641 (8th Cir. 2001) ("Lay opinion testimony is admissible *only* to help the jury or the court to understand the facts about which the witness is testifying and *not* to provide specialized explanations or interpretations that an untrained layman could not make if perceiving the same acts or events.") (emphasis added) (collecting cases).  The party sponsoring the testimony bears the burden of establishing each of these requirements. *Garcia*, 413 F.3d at 211; *U.S. v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004).  The government's conclusory submission has not met that burden.

<u>**ARGUMENT**</u>

### A.    The Proffered Testimony Is "Expert" Opinion Disguised As Lay Opinion

As set forth in the notes of the Advisory Committee, Rule 701 was amended to tighten and make explicit the requirement that lay opinion testimony may not be based on scientific, technical or specialized knowledge. Fed R. Evid.  701(c) & 2000 Advisory Notes.  The purpose of the amendment was to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing" – i.e., exactly what the government is attempting to do with this motion.  Thus, the Advisory Notes explain that "[t]he amendment makes clear that *any* part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules." *Id.* (emphasis added)*; see also Garcia*, 413 F.3d at 216 (holding that lay opinion testimony is excludable if the witness' "reasoning process depended, *in whole or in part*, on his specialized training and experience.") (emphasis added).

The amended Rule 701 is fatal to the government's motion because the testimony in question is based on the legal and financial knowledge of the witnesses and their experience in

interpreting the specialized subject matter of corporate acquisition agreements.  Tabor, Westra,

Berger and Schoen are all trained lawyers with long experience in advising on or negotiating

legal terms of corporate agreements.  The proffered testimony is based on this specialized

expertise and knowledge:  it seeks to elicit their opinion concerning the interpretation of

standardized transactional clauses such as representations and warranties concerning required

disclosures and the concept of materiality.  The witnesses' understandings of these clauses stem

from their long experience dealing with and negotiating similar standard contractual clauses in

similar merger and acquisition agreements, their knowledge of the legal and commercial terms of

art employed in such clauses, their knowledge and experience concerning customary practices in

drafting and implementing transactions of this kind, and their background knowledge concerning

legal and commercial canons of interpretation.  Asking the Court to allow these witnesses to

introduce such opinions is to request exactly what the Advisory Notes bar: to covertly introduce

expert testimony in the guise of lay opinion, and thereby evade the requirements of qualification

and notice that govern expert testimony.

The government's sole justification for its proffer is to point out that the witnesses

happened to personally participate in the LBO.  But personal participation does not magically

convert expert testimony about such specialized and technical subject matters into lay opinion.[2]

Although personal knowledge of the facts supporting opinion testimony is a necessary

---

[2] The only pertinent post-amendment case concerning Rule 701(c) cited by the government, *United States v. Yannotti*, 541 F.3d 112, 125-26 (2d Cir. 2008), is easily distinguishable.  *Yannotti* involved testimony about loansharking in a RICO enterprise by a witness whose testimony was based entirely on knowledge obtained from his participation in the specific loansharking activities of that enterprise, and not from generalized experience in loansharking outside of those activities.  In contrast, the testimony proffered by the government here consists of opinions concerning the meaning of standardized transactional representations in a stock purchase agreement, and the interpretation of legal terms of art employed in the agreement.  Such opinion is based primarily on a broad, specialized understanding of these technical terms and clauses, not on some specific, perceptual knowledge gained solely from participating in the specific EPMA transaction.

foundational requirement under Rule 701, it is not sufficient to render that testimony admissible. The testimony must also *not* be based on the witness' general specialized knowledge. *Garcia*, 413 F.3d at 216 (holding that lay opinion testimony must be "informed by reasoning processes familiar to the average person in everyday life rather than by scientific, technical, or other specialized knowledge."); *Bank of China, N.Y. Branch v. NBM, LLC*, 359 F.3d 171, 182 (2d Cir. 2004) (excluding opinion testimony of Bank of China employee regarding international commercial transactions engaged in by the bank because testimony was based not on his perceptions of transactions at issue but on his specialized experience in international banking). The Rule 701(c) requirement is not met here: the government's witnesses did not obtain their understanding concerning how to interpret the standard representations and warranties in the EPMA from their participation in the Refco LBO transaction – they gained that understanding from their legal and commercial training, and from their long experience in interpreting and negotiating such clauses in countless other transactions over the years.

Indeed, the Second Circuit's opinion in the *Bank of China* case is precisely parallel to the government's proffer here.  In *Bank of China*, the plaintiff introduced the lay opinion testimony of an experienced international banker that (among other opinions) transactions engaged in by the defendants "did not comport with the business community's understanding of normal, true, trade transactions between a buyer and seller." 359 F.3d at 180.  The plaintiff in that case, as the government here, argued that the testimony was admissible under Rule 701, because it was based on the witness' personal knowledge of the specific transactions at issue, obtained as a result of the witness' near contemporaneous investigation of those transactions. *Id.* at 181.  The Second Circuit nonetheless held that the testimony was not admissible lay opinion because it was not based on "perceptions" he obtained from his investigation, but was instead informed by

"specialized knowledge he has because of his extensive experience in international banking." *Id.*

at 181-82. The government's proffer suffers from the same defect: for example, the

understanding that a Weil Gotshal attorney might have concerning the interpretation and

meaning of a representation or warranty contained in the EPMA is not a "perception" he

obtained merely from the happenstance of working on that particular transaction. Rather, it will

be largely informed by his broad knowledge, gained through years of experience, of the purpose

of such clauses and how they are generally interpreted in the legal and commercial worlds.

### B.    The Proffered Opinion Testimony Is Not Helpful To The Jury

The government seeks to have its witnesses testify about their own subjective

interpretation and understanding of provisions in the EPMA. Yet, as the government

acknowledges, the fundamental matter at issue is the state of mind of the defendant – how

Collins understood the provisions of the EPMA and whether he was aware that Refco was

engaged in some sort of fraudulent activity. Unquestionably, testimony that is probative of the

state of mind of Mr. Collins with respect to the LBO transaction would therefore be relevant.

But just as unquestionably, testimony that concerns the states of mind of the government's

witnesses with respect to this transaction is wholly irrelevant.    Simply because certain

government witnesses happened to interpret the EPMA in a certain way is not probative of what

Mr. Collins thought, believed, or intended. Fed. R. Evid. 701 & 402.

The government nonetheless contends that the proffered testimony would "help the jury

assess why these witnesses conducted themselves as they did with respect to the EPMA."

(Motion at 21). But the conduct of the witnesses with respect to the EPMA is not at issue in this

case: only the conduct of the defendant is. The internal reasoning processes of the witnesses

concerning *their* decisions to proceed with the transaction have no bearing on the government's

contention that Collins knowingly assisted Refco by including false and misleading provisions in the EPMA.

Indeed, even in the context of a simple civil action to enforce a contract, testimony concerning the personal beliefs of a party or party's agent about the meaning of contract terms is ordinarily rejected as a matter of course. *See, e.g., Helmsley-Spear, Inc. v. New York Blood Center*, 687 N.Y.S.2d 353, 356 (1st Dept. 1999) (rejecting affidavit concerning party's understanding of a contract term). Although the government cites *T.E.A.M Entm't, Inc. v. Douglas*, No. 04 Civ. 1552 (JSR), 2006 WL 587326, at \*2 (S.D.N.Y. Mar. 9, 2006) for the proposition that a lawyer may testify about his or her own interpretation of contract terms, such testimony was admissible in *T.E.A.M.* only as parol evidence of the parties' intent to shed light on a concededly ambiguous term of a contract.

### C.    The Testimony Constitutes Legal Opinions Going to an Ultimate Issue

The proffered testimony also fails under Rule 701 because it consists of opinions in the form of legal conclusions going to the ultimate issue of whether Collins made fraudulent misrepresentations in connection with the EPMA. Rather than helping the jury, it will serve only to confuse the jury and to prejudice Collins by supplanting the view of trained experts in the field for conclusions the jury is supposed to reach on its own. The actual effect of presenting a series of so-called "lay opinions" from experienced transactional professionals will be to cause the jury to infer that these supposed lay opinions are in fact the proper and correct interpretation of the EPMA that they are to apply in their deliberations.

Where opinion testimony takes the form of legal opinions, such as that proffered here, it is unhelpful to the jury and therefore inadmissible under Rule 701. *See U.S. v. Crawford*, 239 F.3d 1086, 1090-91 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal

conclusion, such as the correct interpretation of a contract"); *F.A.A. v. Landy*, 705 F.2d 624, 632 (2d Cir. 1982) (rejecting opinion testimony concerning the interpretation of regulations on the ground that opining to such legal conclusions "invade[s] the province of the court to determine the applicable law and instruct the jury as to that law."); 4 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 701.04 (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997) ("[L]ay witnesses may not testify to an opinion that is simply a legal conclusion; lay testimony containing a legal conclusion conveys what may be erroneous legal standards to the jury, and invades the court's province in determining the applicable law and then instructing the jury."). In particular, a party may not present lay opinion evidence construing the terms of a contract. *Evangelista v. Inlandboatsmen's Union of the Pac.*, 777 F.2d 1390, 1398 n.3 (9th Cir. 1985) (excluding affidavit of knowledgeable witness opining meaning of terms in union collective bargaining agreement). That is exactly what the government proposes to do in its proffer.

The proffered opinions are doubly objectionable because in addition to stating legal conclusions, they state conclusions that go to an ultimate issue in the case – whether or not the EPMA itself contains misrepresentations which Collins aided and abetted. Although the Second Circuit does not automatically forbid lay opinion testimony that goes to an ultimate issue, such testimony is disfavored to the extent that its effect is to answer the same question the jury is to consider in its deliberations – in this case, whether the clauses of the EPMA in fact contained misrepresentations. *See, e.g., Garcia*, 413 F.3d at 210-11. The lay testimony proffered by the government here would have the effect of directing the jury that the EPMA contained misrepresentations, thus usurping the jury's function.

To the extent that any argument can be made for the admission of such testimony under Rule 701, the balancing required under Rule 403 renders the testimony plainly inadmissible, given the substantial risk of juror confusion and prejudice to the defendant. Were the Court to admit the proffered testimony, the jury could easily become confused and draw inferences about the actual meaning of the EPMA from the witnesses' personal opinions about the meaning of its provisions. The risk of such confusion is multiplied by the fact that the witnesses in question are sophisticated legal and financial professionals, creating a high likelihood that jurors will view their "lay opinions" as expert testimony concerning the meaning of the EPMA. It is unrealistic to expect a jury to hear a series of highly experienced lawyers and deal professionals offer purported "lay opinions" interpreting a complex legal contract and then treat that testimony merely as subjective perceptions as opposed to expert judgments that should be given significant weight in drawing conclusions about ultimate issues.

In addition, the testimony poses another significant risk of juror confusion: the transposition of the witnesses' states of mind with the state of mind of the defendant. The jury might easily draw the improper inference that because the government's attorney witnesses came to certain conclusions about the EPMA, Collins (who is also an attorney) must have come to similar conclusions. Finally, admission of this testimony would be unfairly prejudicial because the jury could easily infer that the mere breach of a contractual representation is tantamount to fraud, which it is not.

We note that although all these risks of juror confusion negate the requirement under Rule 701 that the proffered testimony be helpful to a clear understanding of the issues, they also independently provide grounds for exclusion under Rule 403. Thus, in addition to opposing the

government's motion on Rule 701 grounds, we also respectfully request that the Court exclude the proffered evidence on the grounds of substantial prejudice pursuant to Rule 403.

### D.     Robert Trosten's Lay Opinion Testimony is Also Inadmissible

The lay opinion testimony of Robert Trosten is also inadmissible for the same reasons that the lay opinion testimony of the other four witnesses is inadmissible – principally, Trosten's views concerning the meaning of the EPMA are not probative of the defendant's state of mind. Moreover, his testimony would amount to a legal conclusion concerning an ultimate matter at issue, and it would present the same serious dangers of juror confusion and prejudice to the defendant discussed with respect to the other witnesses. In addition, although Trosten is not a legal professional, he is a highly experienced financial professional with ample experience negotiating complex corporate transactions. As with the other witnesses, his understanding concerning interpretation of the terms of the EPMA would stem from that experience and not from perceptions gained from the particular transaction – thus, his testimony is also excludable pursuant to Rule 701(c).

With respect to Trosten specifically, the government advances an additional relevancy argument that his testimony may be probative as to the existence, nature, and purpose of the charged conspiracy. But the government provides no explanation how or why Trosten's personal opinions concerning the interpretation of provisions in the EPMA would shed any light on the existence, nature and purpose of the charged conspiracy. As charged by the government, the alleged conspiracy consists of an effort to conceal information from the purchaser in the EPMA. Robert Trosten's opinion concerning the meaning and interpretation of representations in the EPMA is irrelevant as to the existence, nature and purpose of that alleged conspiracy. All it is relevant to is the ultimate issue (and legal conclusion) concerning whether the EPMA contained

misrepresentations in the first place.  Unfortunately for the government, that is not a legitimate purpose for offering purported lay opinion testimony pursuant to Rule 701.

### E.    The Motion To Admit Lay Opinion Testimony From Schoen, Tabor, Westra and Burger Is Premature

The government's motion fails to disclose specific descriptions of the opinions it seeks to admit with respect to Messrs. Schoen, Tabor, Westra and Burger, and thus the Court has no basis or context to evaluate with accuracy whether the requirements of Rule 701 (and other potentially applicable Rules) are satisfied.  The government's failure to provide any specificity is particularly prejudicial to the defendant because the government has not yet provided 3500 material for all of the proffered witnesses.  Thus, it would be premature at this time for the Court to grant the government's request for a broad order generally admitting any opinion testimony from these witnesses on the broad subject of the EPMA.  Given the numerous problems with the testimony described above—and in particular the substantial risk of admitting what is really expert testimony under the guise of lay opinion—if the Court chooses not to exclude the testimony altogether, we respectfully request that it defer ruling on its admissibility until the testimony is developed and offered in a real and concrete context.

## <u>CONCLUSION</u>

For the foregoing reasons, Collins respectfully requests that the Court deny the government's motion to admit the testimony of certain fact witnesses.

Dated:  May 6, 2009

Respectfully Submitted,

William J. Schwartz (WJS 8462)
Jonathan P. Bach (JPB 9710)

Cooley Godward Kronish
1114 Avenue of the Americas
New York, NY 10036
Phone:  (212) 479-6000
Fax:     (212) 479-6275

*Attorneys for Defendant Joseph P. Collins*

**<u>CERTIFICATE OF SERVICE</u>**

I, William J. Schwartz, hereby certify that on this 6th day of May, 2009, I caused a true and correct copy of Defendant Joseph P. Collins's Opposition to Government's Motion to Admit Testimony of Certain Fact Witnesses on behalf of Joseph P. Collins to be filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system.

    /s/ William J. Schwartz
William J. Schwartz (WJS 8462)
