UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :
UNITED STATES OF AMERICA,
                                                :
        -vs.-
                                                :   **S1 07 CR 1170 (LBS)**
JOSEPH P. COLLINS
                                                :
                Defendant.
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**DEFENDANT JOSEPH P. COLLINS' SUPPLEMENTAL REQUESTS TO CHARGE**


                                        WILLIAM J. SCHWARTZ (WS 8462)
                                        JONATHAN P. BACH (JB 9710)
                                        JASON M. KORAL (JK 1044)
                                        COOLEY GODWARD KRONISH, LLP
                                        1114 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone: (212) 479-6000

                                        *Attorneys for Defendant Joseph P. Collins*

.

TO:   LEV L. DASSIN, ESQ.
      United States Attorney
      Southern District of New York
      One St. Andrew's Plaza
      New York, New York 10007
      Attn.:  Christopher L. Garcia, Esq.
              Nicholas S. Goldin, Esq.

The defendant **JOSEPH P. COLLINS** respectfully requests that the Court include the following supplemental charges in its charge to the jury:

**DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE NO. 1**

**LEGAL OBLIGATIONS OF ATTORNEYS**

Throughout this case, you have heard testimony about the conduct of several practicing attorneys, including the defendant.  Let me say a few words about attorneys and their obligations.  An attorney is a professional advisor who provides legal services and advice to a client.  Attorneys have professional duties to clients and to the legal system as a whole, to represent their clients zealously within the bounds of the law.  Thus, an attorney has a duty to counsel or assist a client zealously as long as the attorney believes in good faith that his advice or assistance is supported by a legitimate interpretation of the law or of a legal document.  However, lawyers are not above the law.  They may not knowingly engage in illegal conduct.  Similarly, a lawyer cannot actively assist his or her client in carrying out an activity that the lawyer knows to be illegal.

Sometimes, the law with respect to a particular matter may be clear and straightforward.  However, lawyers are often called upon to address issues where the law is ambiguous or unclear, or where there are different interpretations of the law or of a legal document.  In situations such as these, a lawyer may appropriately counsel or assist his or her client in taking an action or asserting a position that the lawyer believes is consistent with a legitimate possible interpretation or application of the law, even if the lawyer is not certain that interpretation will ultimately prevail.  A lawyer may not give such advice or assistance, however, if he knows that advice or assistance is going to be used for an illegal purpose.

1

**Authority**

Adapted from the charges in <u>United States v. Sattar</u>, 02 Cr. 395 (JGK) (S.D.N.Y. 2005) at Tr. 12318-19 and <u>United States v. Hallinan</u>, No. 3:94-cr-39 (D. Nev. 1995), Instruction No. 30; Illinois Rules of Professional Responsibility – Preamble and Rule 1.2; New York Rules of Professional Conduct – Rules 1.2 & 1.3.

**DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE NO. 2**

**LAWYER'S DUTY EXISTS REGARDLESS OF WHETHER**

**CLIENT SIGNS REPRESENTATIONS**

You have heard testimony in this case that BAWAG's lawyers arranged for their client not to sign certain representations or warranties in connection with the Lee transaction. I instruct you that a lawyer's duty to refrain from assistance with an illegal transaction exists regardless of whether the lawyer's client is making any representations or warranties as part of the transaction.

**Authority**

New York Rules of Professional Conduct 1.2(d)
Illinois Rules of Professional Conduct 1.2(d)

**DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE NO. 3**

**PROTECTING CLIENT CONFIDENCES**

The practice of law is governed by rules of professional conduct which are binding on all lawyers. One of these rules is that a lawyer has a duty of confidentiality and must maintain client confidences and secrets. Thus, a lawyer cannot reveal a confidence or secret of the client known to the lawyer unless the client consents or unless it appears necessary to prevent the client from committing an act that would result in death or serious bodily harm. A client "secret" includes any information that a lawyer learns in the course of representing the client, which the client has either asked the lawyer to keep secret or which would be embarrassing or detrimental to the client if revealed. A lawyer may normally reveal client secrets and confidences to other lawyers in his or her law firm. However, if a client instructs a lawyer not to reveal particular information to other lawyers in his or her law firm, that lawyer is obligated to follow the instruction.

**Authority**

New York Rules of Professional Conduct Rule 1.6 and Comment [5]
Illinois Rules of Professional Conduct – Terminology and Rule 1.6

4

## DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE NO. 4

## BREACH OF REPRESENTATION, WARRANTY, OR COVENANT IN AGREEMENT NOT FRAUD IN ITSELF

Throughout this trial, you have heard about a number of corporate agreements, and about a number of representations and warranties contained in such agreements. You have also heard testimony concerning whether or not specific representations or warranties in some of those agreements were breached or violated.

I instruct you that the breach or violation of any representation, warranty, covenant, or other promise in an agreement does not in itself constitute a fraud or a crime as charged in the indictment. Even a knowing and willful breach of a provision in a contract does not by itself constitute a fraud or a crime. The willful violation of contracts and agreements is a commonplace occurrence, and while such a violation may subject the breaching party to civil damages, it does not, without more, constitute a crime. You may, however, consider any evidence of a willful breach or violation along with other evidence in considering the charges of fraud against the defendant.

I remind you, however, that even if you find that a representation was willfully breached, and even if you find such a breach to have been material, to find the defendant guilty of fraud in connection with such a breach of a representation, you must find that the government has proven beyond a reasonable doubt that he made or assisted in making that contractual misrepresentation with knowledge of the goals of the fraud alleged in the indictment and with the specific intent to further those goals, and not for some other purpose.

**Authority**

Violation of Agreement Not a Fraud:  United States v. D'Amato, 39 F.3d 1249 (2d Cir. 1994); Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993); Creaciones Con Idea, S.A. v. Mashresbank, 51 F. Supp. 2d 423, 429-30 (S.D.N.Y. 1999).

Dated: New York, New York
       June 8, 2009

                                    Respectfully submitted,

                                         /s/ William J. Schwartz
                                    William J. Schwartz (WJS 8462)
                                    Jonathan P. Bach (JB 9710)
                                    COOLEY GODWARD KRONISH LLP
                                    1114 Avenue of the Americas
                                    New York, New York  10036
                                    Telephone:  (212) 479-6000
                                    Facsimile:  (212) 479-6275

## **CERTIFICATE OF SERVICE**

      I, William J. Schwartz, hereby certify that on this 8th day of June, 2009, I caused a true and correct copy of Defendant's Supplemental Requests To Charge to be filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system.

                                                   /s/ William J. Schwartz
                                             William J. Schwartz (WS 8462)